UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Solata Foods, LLC,

                              Plaintiff,                **MEMORANDUM & ORDER**
                                                     22-CV-07610 (DG) (JRC)

           -against-

Farmers Direct Corp. and Paul Kang,

                            Defendants.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

On December 15, 2022, Plaintiff Solata Foods, LLC commenced this action against

Defendants Farmers Direct Corp. and Paul Kang, stemming from Defendants' alleged failure to

pay for goods covered under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C.

§ 499a *et seq.*, that were sold by Plaintiff to Farmers Direct Corp.  *See generally* Complaint, ECF

No. 1.  On April 14, 2023, Plaintiff filed the Amended Complaint.  *See* Amended Complaint

("Am. Compl."), ECF No. 11; *see also* Am. Compl. Exhibit ("Ex.") A, ECF No. 11-1.

The Amended Complaint is brought in seven Counts: Count I alleges "Failure to Pay

Trust Funds;" Count II alleges "Breach of Contract/PACA – Failure to Pay for Goods Sold;"

Count III alleges "Unlawful Dissipation of Trust Assets by Corporate Officials;" Count IV

alleges "Breach of Fiduciary Duty;" Count V alleges "Unjust Enrichment;" Count VI seeks

"Attorneys' Fees and Interest" under "PACA and the Outstanding Invoices;" and Count VII

seeks "Declaratory Relief" in various forms.  *See* Am. Compl. ¶¶ 31-62.[1]  Plaintiff seeks

monetary and declaratory relief.  *See* Am. Compl. at 10-11.

Pending before the Court is Defendants' Motion to Dismiss the Amended Complaint

---

[1]  As discussed further below, the Amended Complaint lacks clarity with respect to the legal
basis – or bases – for certain claims.

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Defendants' Notice of Motion to Dismiss Amended Complaint ("Motion to Dismiss"), ECF No. 20; *see also* Defendants' Memorandum of Law ("Defs.' Br."), ECF No. 22; Defendants' Reply Memorandum of Law ("Defs.' Reply"), ECF No. 25. Plaintiff opposes the Motion to Dismiss. *See* Memorandum in Opposition ("Pl.'s Br."), ECF No. 24.

For the reasons set forth below, Defendants' Motion to Dismiss is granted and the Amended Complaint is dismissed in its entirety.

## BACKGROUND

### I.    Factual Background

Plaintiff alleges that Plaintiff was and is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") and was and is a licensed dealer under PACA, *see* Am. Compl. ¶ 13; that Defendant Farmers Direct Corp. was and is acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities and is subject to PACA, *see* Am. Compl. ¶ 14; and that Defendant Paul Kang was and is the owner, officer, and/or director of Defendant Farmers Direct Corp., *see* Am. Compl. ¶ 15.

Plaintiff alleges that it sold and delivered wholesale amounts of Produce to Defendants, who accepted and retained that Produce (the "Accepted Produce"). *See* Am. Compl. ¶ 17. Plaintiff further alleges that the Accepted Produce that was billed and shipped to Defendants was accepted and used by Defendants for resale and/or wholesale to Farmers Direct Corp.'s customers without objection. *See* Am. Compl. ¶ 18.

Plaintiff alleges that "[a]t the time Defendants received and accepted the Accepted Produce, Plaintiff became a beneficiary in a statutory trust created by PACA, 7 U.S.C. § 499e(2)

(the 'PACA Trust'), which is designed to assure payment to Produce suppliers and which consists of all Produce or Produce-related assets, including the funds generated from the sale of the Produce, including all funds commingled with funds from other sources, and all assets procured by such funds, in the possession or control of Defendant pursuant to 7 U.S.C. § 499e," *see* Am. Compl. ¶ 19; that "[p]ursuant to the PACA Trust, and the Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make full payment to Plaintiff of the full amount of the Accepted Produce," *see* Am. Compl. ¶ 20; that "[t]he payment terms on the Invoices sent by Plaintiff to Defendants are 'PACA Net 10', which is well within the thirty (30) day limit for credit terms under PACA," *see* Am. Compl. ¶ 21; and that "Defendants have made no payments to Plaintiff on account of the Accepted Produce since August 8, 2022, and there remains an outstanding balance of $310,449.29 as of October 11, 2022," *see* Am. Compl. ¶ 22.[2]

Plaintiff alleges that on or about October 11, 2022, Plaintiff "submitted an Informal Complaint to the United States Department of Agriculture ('USDA') asserting its PACA rights against [Defendant Farmers Direct Corp.] for its failure to pay the invoices attached as Exhibit A [to the Amended Complaint]." *See* Am. Compl. ¶ 23; *see also* Am. Compl. Ex. A. Plaintiff further alleges: "Upon information and belief, the USDA provided a copy of the Informal Complaint to Defendants because, in subsequent communications between USDA and Plaintiff regarding the Informal Complaint, USDA referenced communications with Defendants and their counsel." *See* Am. Compl. ¶ 24. In addition, Plaintiff alleges: "Upon information and belief,

---

[2]   In the Amended Complaint, Plaintiff uses the term "Past Due Balance" to refer to "any amounts due and owing as of March 30, 2018 and any changes in that amount thereafter." *See* Am. Compl. ¶ 22. The Court adopts Plaintiff's terminology in connection with setting forth the factual background.

Defendants have been on notice pursuant to 7 U.S.C.A. § 499e(c) that Plaintiff intended to exercise its trust rights since, at least, receiving Plaintiff's Informal Complaint."  *See* Am. Compl. ¶ 25.

Plaintiff further alleges, upon information and belief, that Defendants "have dissipated and are continuing to dissipate the corpus of the PACA Trust, which arose in favor of Plaintiff and grew on each delivery of Accepted Produce" and that Defendants "received funds subject to the PACA Trust, which should have been used to pay Plaintiff for the Past Due Balance."  *See* Am. Compl. ¶¶ 29-30.

Plaintiff sets forth that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 7 U.S.C. § 499e(c)(5)(i), and 28 U.S.C. § 1367.  *See* Am. Compl. ¶ 9.[3]

## II.   Procedural Background

On December 15, 2022, Plaintiff filed the Complaint.  *See* ECF No. 1.  On April 14, 2023, Plaintiff filed the Amended Complaint.  *See* ECF No. 11.  On June 5, 2023, the Court held a pre-motion conference.  *See* ECF No. 15.  On November 14, 2023, Defendants filed the Motion to Dismiss, which Plaintiff opposes.  *See* ECF Nos. 20-25.

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id.*; *see Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638

---

[3]   Plaintiff does not appear to allege or assert any other basis for jurisdiction and no other basis is evident from the record.  *See generally* Am. Compl.; Pl.'s Br.

(2d Cir. 2005); *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." (quotation omitted)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When a court is faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the court "must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Pressley v. City of N.Y.*, No. 11-CV-03234, 2013 WL 145747, at *5 (E.D.N.Y. Jan. 14, 2013) (quotation omitted); *see also United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept all 'well-pleaded factual allegations' in the complaint as true" and "'construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff.'" *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (first quoting *Iqbal*, 556 U.S. at 679; then quoting *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009)). However, "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do," and dismissal is proper

where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 555, 558.  A court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions."  *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quotation omitted); *see also Iqbal*, 556 U.S. at 678 (noting that a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Twombly*, 550 U.S. at 555)); *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (noting that "factual allegations must be sufficient to support necessary legal conclusions").  "In considering a motion to dismiss for failure to state a claim, '[a] district court is normally required to look only to the allegations on the face of the complaint,'" though "[it] may consider documents that 'are attached to the complaint,' 'incorporated in it by reference,' 'integral' to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).[4]

## DISCUSSION

For the reasons set forth below, Defendants' Motion to Dismiss is granted and the Amended Complaint is dismissed in its entirety.

### I.    Plaintiff's Claims Grounded in PACA are Dismissed

#### A.    Applicable Law

##### 1.    PACA

PACA is "a statutory regime that gives growers and sellers of perishable produce priority interests in the assets of the brokers and dealers who purchase their goods on credit by imposing a statutory trust on the perishable goods and their proceeds." *See D.M. Rothman & Co. v. Korea*

---

[4]   The Court notes that the parties submitted certain declarations and exhibits in connection with their briefing on the instant motion.  *See* ECF Nos. 21, 21-1, 23.  The Court need not, and does not, consider those submissions herein.

*Com. Bank of N.Y.*, 411 F.3d 90, 93 (2d Cir. 2005).  "Through [such] trust, the sellers of the commodities maintain a right to recover against the purchasers superior to all creditors, including secured creditors."  *Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc.*, 67 F.3d 1063, 1067 (2d Cir. 1995).  Further, "[a]n individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty."  *See Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705 (2d Cir. 2007).

"Strict eligibility requirements accompany the extraordinary protection afforded by PACA's trust provision."  *Am. Banana Co. v. Republic Nat. Bank of N.Y., N.A.*, 362 F.3d 33, 42 (2d Cir. 2004).  To establish the existence of a PACA trust:

> First, a plaintiff must have sold defendant perishable agricultural commodities. Second, plaintiff must show that the purchaser of the perishable agricultural commodities, the defendant, was a "commission merchant, dealer, or broker," pursuant to Section [499a] of PACA.  Third, the transaction must have occurred in interstate commerce.  Fourth, the seller of the perishable agricultural commodities has not received full payment from defendants on the transaction.  Finally, the seller must have preserved its interest in the PACA trust by giving written notice.

*See A&B Alt. Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 173 (E.D.N.Y. 2021), *aff'd*, 35 F.4th 913 (2d Cir. 2022) (ellipsis and quotation omitted).

"Under PACA, a plaintiff may provide notice in one of two ways: (1) a written notice of its intent to preserve its trust rights . . . (the 'written notice method'), or (2) a printed statement on its ordinary and usual billing or invoice statements (the 'invoice method')."  *Moza LLC v. Tumi Produce Int'l Corp.*, No. 17-CV-01331, 2019 WL 4409435, at *4 (S.D.N.Y. Sept. 16, 2019) (quotation omitted).

With respect to the written notice method, PACA provides in relevant part:

> The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker within thirty calendar days (i) after expiration of the time prescribed by which payment must be made, as set forth in

regulations issued by the Secretary, (ii) after expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction, or (iii) after the time the supplier, seller, or agent has received notice that the payment instrument promptly presented for payment has been dishonored.

*See* 7 U.S.C. § 499e(c)(3).

With respect to the invoice method, PACA provides:

In addition to the method of preserving the benefits of the trust specified in paragraph (3), a licensee may use ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the trust. The bill or invoice statement must include the information required by the last sentence of paragraph (3) and contain on the face of the statement the following: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.".

*See* 7 U.S.C. § 499e(c)(4).

## 2.     Statutory Interpretation

"In interpreting a statute, [a court begins] of course by giving effect to the plain meaning of the text – and, if that text is unambiguous, [the court's] analysis usually ends there as well." *Williams v. MTA Bus Co.*, 44 F.4th 115, 127 (2d Cir. 2022) (quotations omitted); *see also Eisenhauer v. Culinary Inst. of Am.*, 84 F.4th 507, 517 (2d Cir. 2023) (noting that a court's "starting point in statutory interpretation is the statute's plain meaning, if it has one" (quotation omitted)); *Olmsted v. Pruco Life Ins. Co. of N.J.*, 283 F.3d 429, 435 (2d Cir. 2002) (noting that "[w]here the text of a statute is unambiguous, judicial inquiry is complete except in rare and exceptional circumstances" (alteration accepted) (quotation omitted)). As the United States Court of Appeals for the Second Circuit has stated, "[t]o identify a statute's plain meaning, [a court] afford[s] words their ordinary, common-sense meaning." *See Eisenhauer*, 84 F.4th at 517

(quotation omitted).  As the Second Circuit also has stated, "[p]lain meaning draws on the specific context in which th[e] language is used."  *See Williams*, 44 F.4th at 127 (quotation omitted).  "If upon examination [a court] find[s] the text to be ambiguous, [it] look[s] to traditional canons of statutory construction for guidance in resolving the ambiguity.  Then, if the text of the statute is not entirely clear, [the court] turn[s] to the broader statutory context and its history."  *Id.* (alteration accepted) (quotations and citation omitted).

### B.  Plaintiff Has Not Preserved the Benefits of the PACA Trust

Plaintiff asserts that it complied with PACA's statutory text, arguing that "the statutory text does not require 'direct notice,' it only requires 'written notice,' which defendants had by way of the initial USDA complaint."  *See* Pl.'s Br. at 7.  Plaintiff argues that "[t]o the extent there is ambiguity as to how notice is to be given to comply with PACA, precedent favors an interpretation that finds actual notice as the standard, rather than direct notice;" that "the manner in which notice is given under PACA should be interpreted to be either direct or indirect notice, as long as the buyer-defendant received actual notice;" and that "a court should construe [PACA] broadly to effectuate its purpose."  *See* Pl.'s Br. at 8 (quotation omitted).  Plaintiff argues that the Amended Complaint alleges sufficient facts to establish that Plaintiff provided written notice to Defendants and that "at the very least, [Plaintiff] substantially complied with the notice requirements."  *See* Pl.'s Br. at 11; *see also* Pl.'s Br. at 8-10 (arguing that "a number of courts have found that substantial compliance with the notice provisions of PACA is the applicable standard" and discussing cases).  With respect to PACA's notice requirements, Plaintiff appears to rely only on the written notice method set forth in 7 U.S.C. § 499e(c)(3) and not on the invoice method set forth in 7 U.S.C. § 499e(c)(4).  *See generally* Pl.'s Br.

Defendants assert that Plaintiff provided no direct notice to Defendants of its intent to

preserve its interest in any purported PACA trust and that "[a]bsent such direct notice – a condition precedent to [Plaintiff's] PACA-grounded claims, and to federal subject matter jurisdiction under PACA – Plaintiff could not preserve any PACA trust rights here." *See* Defs.' Br. at 7.[5] Defendants argue that "the question of 'substantial compliance' is not relevant to the case at bar because . . . it is only invoked in the Second Circuit in instances in which a seller has *strictly* complied with PACA's statutory requirements and some technical defect in *statutorily compliant* notice might otherwise prevent a seller from benefiting from PACA trust protection" and that "[t]hat is not the case here." *See* Defs.' Reply at 4-5 (discussing cases); *see also* Defs.' Br. at 7-8. Defendants argue that "[w]ithout the PACA-based claims to ground this action in federal court," the Court "should decline to exercise supplemental jurisdiction over Plaintiff's remaining, non-federal law claim for unjust enrichment." *See* Defs.' Br. at 9-10.[6]

Here, Plaintiff's claims grounded in PACA must be dismissed. In light of Plaintiff's failure to comply with PACA's notice requirements, Plaintiff has failed to establish that it preserved the benefits of the PACA trust.[7] Under the plain meaning of Section 499e(c)(3) of

---

[5] Defendants acknowledge that Plaintiff could have used its invoices to Farmers Direct Corp. to provide notice of Plaintiff's intent to preserve the trust but note that in order to do so, Plaintiff would have needed to include the exact language provided by 7 U.S.C. § 499e(c)(4) on its invoices and that such language is absent from Plaintiff's invoices. *See* Defs.' Br. at 5. Defendants note that the invoices state "**TERMS** PACA Net 10" at the top right but argue that this language, without more, is insufficient to maintain Plaintiff's interest in any purported PACA trust. *See* Defs.' Br. at 5 n.3.

[6] As noted above, the Amended Complaint lacks clarity with respect to the legal basis – or bases – for certain claims. Defendants appear to construe only the unjust enrichment claim as a state law claim. *See* Defs.' Br. at 10; *see also* Defs.' Br. at 4 n.2 (asserting that Counts I-IV, VI, and VII are based on PACA, that "the text of the Amended Complaint makes clear that Count II hinges on PACA's applicability," and that "[a]t best, Count II is a hybrid federal question/common law claim").

[7] Although Plaintiff alleges that Plaintiff sold perishable agricultural commodities to Defendants, *see* Am. Compl. ¶¶ 13, 17; that Defendant Farmers Direct Corp. was a "commission merchant, dealer, or broker" pursuant to Section 499a of PACA, *see* Am.

PACA, written notice must be given by the unpaid seller to the commission merchant, dealer, or broker. *See* 7 U.S.C. § 499e(c)(3); *see also C.H. Robinson Co. v. Alanco Corp.*, 239 F.3d 483, 486 (2d Cir. 2001) (stating that "[t]o preserve benefits under a PACA trust, the unpaid produce seller must deliver written notice to the buyer" and citing 7 U.S.C. § 499e(c)(3)).  Affording the words of the statute their ordinary, common-sense meaning and drawing on the specific context in which the language is used, the statute requires that *Plaintiff* give notice *to Defendants*. Contrary to Plaintiff's argument, the text of the statute is unambiguous.  The Court declines Plaintiff's invitation to add an alternative method of giving notice – *i.e.* by giving notice to the USDA for transmission to Defendants – that is not contemplated by the plain meaning of the statute itself.[8]

Here, Plaintiff does not allege that *Plaintiff* gave written notice *to Defendants*.  Rather, Plaintiff alleges only that Plaintiff submitted an Informal Complaint to the USDA asserting its PACA rights against Defendant Farmers Direct Corp. and that the USDA – not Plaintiff – provided a copy of the Informal Complaint to Defendants.  *See* Am. Compl. ¶¶ 23-24.  Thus, Plaintiff, as an unpaid seller, has not "given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker" as required by PACA.  *See* 7 U.S.C.

_____

Compl. ¶ 14 (alleging that Defendant Farmers Direct Corp. was a "dealer and commission merchant"); and that Plaintiff has not received full payment from Defendants, *see* Am. Compl. ¶ 22, Plaintiff does not appear to allege that any transaction occurred in interstate commerce, *see generally* Am. Compl.  Defendants do not address – and in light of the below, the Court need not determine – whether any claim should be dismissed on this ground.

[8]  A prior version of the statute required that an unpaid seller give notice of intent to preserve PACA trust benefits to *both* the USDA and the particular commodities broker alleged to have violated PACA.  *See D.M. Rothman*, 411 F.3d at 96 (discussing requirements of prior version of statute).  An amendment to PACA eliminated the requirement that an unpaid seller give notice to the USDA but maintained the requirement that the unpaid seller give notice to the commodities broker.  *See* PACA Amendments of 1995, Pub. L. No. 104-48, 109 Stat. 424. Giving notice *only* to the USDA therefore is not sufficient to comply with PACA.

§ 499e(c)(3).  And, as Defendants note, *see* Defs.' Reply at 4-5, Plaintiff's arguments regarding substantial compliance are unavailing in light of Plaintiff's failure to comply with the text of the statute.[9]

Plaintiff has failed to preserve the benefits of the PACA trust and therefore has failed to show that it is a trust beneficiary under PACA.  Accordingly, Counts I, III, IV, and VII, which appear to be grounded in PACA, are dismissed, without prejudice.[10]  To the extent that Count II, titled "Breach of Contract/PACA – Failure to Pay for Goods Sold," and Count VI, titled "Attorneys' Fees and Interest" and referencing PACA, seek to bring causes of action under PACA, those Counts also are dismissed, without prejudice.

---

[9]  In support of its arguments regarding substantial compliance, Plaintiff relies on out-of-circuit caselaw and/or caselaw that focuses on compliance with PACA's implementing regulations, rather than compliance with PACA's statutory text.  *See* Pl.'s Br. at 8-10 (citing, *inter alia*, *Food Auth., Inc. v. Sweet & Savory Fine Foods*, No. 10-CV-01738, 2011 WL 477714, at \*2-3 (E.D.N.Y. Feb. 4, 2011) (noting that "Plaintiff strictly complied with PACA's statutory text," that "there is no dispute that Plaintiff's notice complied with all the[] statutory provisions," and that "this is not a case about whether PACA demands strict compliance with Congress' own words")).

[10]  Section 499e(c)(5) of PACA provides: "The several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary to prevent and restrain dissipation of the trust."  *See* 7 U.S.C § 499e(c)(5).  Because Plaintiff has not established that it is a trust beneficiary under PACA, the Court does not appear to have subject matter jurisdiction here.  Although the Second Circuit has clarified that certain statutory requirements for a PACA claim are not jurisdictional requirements, the Second Circuit does not appear to have expressly stated whether the notice requirement pursuant to 7 U.S.C. § 499e(c)(3) is a jurisdictional requirement.  *See A&B Alt. Mktg.*, 35 F.4th at 915 (addressing the dealer requirement and commerce requirement and noting that "both appear in separate provisions that do not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts" (alterations accepted) (quotation omitted)).  The Court notes that even if the Court had jurisdiction here, given that Plaintiff has failed to preserve the benefits of the PACA trust, Plaintiff would also fail to state a claim under PACA.

II.     **The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claim(s)**

Title 28, United States Code, Section 1367(a) provides, as relevant here, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  District courts may, however, decline to exercise supplemental jurisdiction over such other claims if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "Courts 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise' supplemental jurisdiction."  *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  The Supreme Court has recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Cohill*, 484 U.S. at 350 n.7.

Here, in light of the dismissal of Plaintiff's federal law claims, principles of judicial economy and comity counsel heavily in favor of declining to retain jurisdiction over Plaintiff's state law claim(s).  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim(s).

Accordingly, Count V is dismissed without prejudice and to the extent that Counts II and VI seek to bring state law claims, those Counts also are dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 20, is

GRANTED and the Amended Complaint, ECF No. 11, is DISMISSED in its entirety, without

prejudice.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: June 24, 2024
Brooklyn, New York

14